IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Benjamin Powell,<br><br>Petitioner,<br><br>v.<br><br>Administrator of Greenville County Detention Center,<br><br>Respondent. | C/A No.: 1:25-cv-11898-SAL<br><br><br>**ORDER** |

Benjamin Powell ("Petitioner"), proceeding *pro se*, filed this habeas corpus petition under 28 U.S.C. § 2254. The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 12.] The magistrate judge recommends this case be summarily dismissed. *Id.* Petitioner objects. [ECF No. 18.] This matter is ripe for review. For the reasons that follow, this court adopts the Report and summarily dismisses the action.

**BACKGROUND**

Petitioner filed this petition seeking his immediate release from the Greenville County Detention Center ("GCDC") on September 2, 2025. [ECF No. 1.] According to Petitioner, he was detained for 225 days before being sentenced on July 16, 2025. *Id.* The state court docket reflects that Petitioner was sentenced to a three-year period, suspended upon 13 months' probation. [ECF No. 12 at 2–3.] Under the terms of his sentencing, Petitioner was required to participate in rehabilitation for 60 days at Home with a Heart in Liberty, South Carolina. [ECF No. 1 at 1.] Because he showed up to Home with a Heart complaining of an ear infection, the facility sent him

1

to another location—the Walmart Plaza, where Petitioner called an ambulance and was transported to Greenville Memorial Hospital ("GMH"). *Id.* He was treated and released back to the Walmart Plaza, where he stayed for a day before calling another ambulance and returning to GMH. *Id.* at 1–2. Again, Petitioner was treated and released by GMH, and he returned to the Walmart Plaza. *Id.* at 2. After that, Petitioner was detained for violating his probation by failing to return to Home with a Heart. *Id.* Petitioner does not indicate that he has taken any action to appeal his sentence or challenge his probation violation in state court. But he filed a habeas petition with this court seeking his immediate release. *Id.* at 3.

The magistrate judge assigned to this case issued a proper form order, advising Petitioner that his case was subject to dismissal because he had failed to exhaust his state remedies. [ECF No. 5.] In her proper form order, the magistrate judge recognized Petitioner's reference to a tort action but declined to recharacterize the petition as a complaint alleging civil rights violations under 42 U.S.C. § 1983, as Petitioner had not alleged any action on the part of a person that could reasonably be construed as violating his rights under the Constitution or federal law. *Id.* at 1 n.2. Petitioner then appealed that order to this court. The appeal remains pending. [ECF No. 7.]

The magistrate judge subsequently issued her Report recommending summary dismissal of this case in its entirety. [ECF No. 12.] First, with respect to the § 1983 recharacterization, Petitioner's claim does not fall under § 1983. *Id.* at 5–7. Second, to the extent Petitioner seeks to challenge his current detainment under § 2254, Petitioner has failed to exhaust state remedies prior to filing the petition. *Id.* at 7–9. Third, there are currently insufficient facts to support a separate § 1983 claim. *Id.* at 9–11.

Petitioner objects to the Report. [ECF No. 18.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

3

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### DISCUSSION

The court incorporates the relevant factual background and legal standards as outlined in the Report. The court declines to recharacterize the petition as a complaint pursuant to § 1983. [ECF No. 12 at 5.] The Supreme Court has explained that a § 1983 action is not the proper remedy when a Petitioner challenges the constitutionality of his confinement or seeks immediate release from his confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005). Rather, habeas corpus is the appropriate remedy in such cases, as it is here for Petitioner's action challenging his incarceration and seeking release. [ECF No. 12 at 6.] Further, due to the lack of sufficient facts to state a § 1983 claim, the only allegations the court considers now are those pertaining to the § 2254 petition.[1] [ECF No. 12 at 9.]

As the Report explains, 28 U.S.C. § 2254 allows a federal court to consider claims that a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." However, Petitioner has not specifically alleged that his incarceration violates the Constitution or laws and treaties of the United States. *See* ECF No. 12 at 8. Moreover, Petitioner has failed to exhaust state remedies, which is required under § 2254(b)(1). Petitioner has opportunities to present his arguments at a hearing on the alleged probation violation and to file an application for postconviction relief. Further, the magistrate judge previously cautioned Petitioner that failure to address the exhaustion issue could limit his ability to pursue subsequent habeas relief. [ECF No. 5

---

[1] Petitioner has not sufficiently alleged that he was injured by the deprivation of his constitutional rights by a person acting under state law, as required by a § 1983 claim. He has not named any individual personally liable for the alleged violations, nor do his allegations support the existence of such violations. [ECF No. 12 at 9–10.]

at 3.] Petitioner elected to proceed despite this warning. Because Petitioner has not met the requirements in § 2254(b)(1) and has not exhausted remedies available in state court, his § 2254 claim is summarily dismissed.

In his objections, Petitioner alleges he is not a state prisoner or a pretrial detainee. Instead, he claims he is being held without proper charges, jurisdiction, or authority, and without a bond hearing being set. [ECF No. 18 at 1.] At the same time, he also admits that he violated his probation, although he claims Home of the Heart forced him to do so. *Id.* He also references a trial that was to be held in October, which supports the magistrate judge's conclusion that Petitioner has avenues to raise the alleged constitutional violations in state court. Petitioner's objections are overruled, as they do not cure the deficiencies in his petition—he has not alleged proper claims, nor has he exhausted such claims.[2]

Petitioner also seems to object to the magistrate judge's refusal to characterize his pleadings under § 1983—he argues "the administration" and Home of the Heart did not treat his medical needs. [ECF No. 18 at 3.] The court overrules these objections as well. The relief Petitioner seeks is release from incarceration, which is not available under § 1983. Also, as explained in the Report, Petitioner did not properly plead any § 1983 claims. [ECF No. 12 at 9–11.] If Petitioner wishes to raise claims under § 1983, he may do so by filing a new case.

---

[2] In checking on Petitioner's current status, the court found he is currently detained at the Greenville County Detention Center with pending charges for malicious injury to animals, personal property with the injury value more than $2,000 but less than $10,000. According to the Greenville County Public Index, he was arrested on January 30, 2026, and a bond has been set, but Petitioner has been unable to meet it. *See* Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search Case # 2026A2330201091) (last visited March 18, 2026); see also Greenville County Detention Center Inmate Search, https://app.greenvillecounty.org/inmate_search.htm (search by first and last name) (last visited March 18, 2026).

**CONCLUSION**

For the foregoing reasons, Petitioner's objections are overruled, and the magistrate judge's report, ECF No. 12, is **ADOPTED** in its entirety, and the petition is **DISMISSED without prejudice**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

March 23, 2026                                           Sherri A. Lydon
Columbia, South Carolina                          United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."